UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-2141

MARK MCEWEN; DENISE MCEWEN,

            Plaintiffs – Appellants,

      v.

BALTIMORE WASHINGTON MEDICAL CENTER INCORPORATED, d/b/a
Baltimore Washington Medical Center; MICHAEL BOND;
BALTIMORE WASHINGTON EMERGENCY PHYSICIANS INCORPORATED,

            Defendants – Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:08-cv-01492-JFM)

Argued:  October 27, 2010        Decided:  December 14, 2010

Before KING and DUNCAN, Circuit Judges, and Bobby R. BALDOCK,
Senior Circuit Judge of the United States Court of Appeals for
the Tenth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Andrew Howard Baida, ROSENBERG, MARTIN & GREENBERG, LLP,
Baltimore, Maryland, for Appellants.   Derek M. Stikeleather,
GOODELL DEVRIES LEECH & DANN, LLP, Baltimore, Maryland, for
Appellees.   **ON BRIEF:** Caroline L. Hecker, ROSENBERG, MARTIN &
GREENBERG, LLP, Baltimore, Maryland, for Appellants.   Susan T.
Preston, GOODELL DEVRIES LEECH & DANN, LLP, Baltimore, Maryland,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal arises from a district court's exclusion of appellants Mark and Denise McEwens' ("the McEwens") expert medical witnesses and subsequent grant of summary judgment in favor of appellees Baltimore Washington Medical Center, Inc., et al. ("BWMC"). The McEwens argue that the district court misapplied the standard governing the admissibility of expert scientific testimony, as laid out in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). For the reasons described below, we affirm.

I.

A.

We briefly summarize the pertinent facts. On November 13, 2005, Mark McEwen was brought by ambulance to BWMC's emergency room in Maryland, complaining of dizziness, vomiting, slurred speech, weakness, and fainting. A physician diagnosed McEwen with gastroenteritis and treated him with antinausea medication and hydration. McEwen's condition improved and he was released from the hospital in the early morning of November 14.

On the evening of November 15, McEwen flew to Orlando, Florida. He felt unsteady during the flight and, upon arrival, was brought to a Florida hospital, where he complained of headache, unsteadiness, and nausea. Around 11:45 p.m., McEwen

3

developed additional symptoms, including weakness on the left side of his body. An MRI revealed that McEwen had suffered a stroke. The attending doctor treated McEwen with Lovenox[1] and aspirin and an increase in his intravenous fluids. Over the next four hours, his condition improved dramatically.

B.

In June 2008, the McEwens sued BWMC. They claimed that doctors' negligent failure to properly treat Mark McEwen with anticoagulant medication on November 13 caused his stroke on November 15. The McEwens employed two physicians to provide expert opinions on their behalf: Dr. Cathy Helgason and Dr. Jon Peters.

Doctors Helgason and Peters separately concluded that BWMC physicians should have recognized that McEwen was exhibiting signs of a stroke on November 13 and that treatment with the type of medication that he was administered on November 15 would have averted his second stroke. Dr. Helgason based her opinion on her knowledge of the "pathophysiology of stroke" and on the fact that McEwen improved after receiving the medication on November 15. J.A. 130. Dr. Peters anchored his assessment in

---

[1] Lovenox contains enoxaparin, an anticlotting agent. See Stedman's Medical Dictionary 645, 874 (28th ed. 2006); see also Aventis Pharma S.A. v. Amphastar Pharm., Inc., 525 F.3d 1334, 1336 (Fed. Cir. 2008).

4

his evaluation of McEwen's medical records from the Florida hospital, which showed improvement as a result of the course of treatment he received there.

In July 2009, BWMC moved to exclude both experts' medical causation testimony, urging that their statements failed to meet the threshold requirements of Daubert and Federal Rule of Evidence 702.   BWMC simultaneously moved for summary judgment. The district court held a Daubert hearing in September 2009. After hearing from both sides, the district court granted BWMC's motions.[2]

The district court concluded that neither of the McEwens' experts had satisfied Daubert's standard for admissibility.   The court expressed particular concern over the experts' methodology.   The court noted that absent any reliance on or support from the relevant medical literature, in effect the only basis for the experts' conclusions was "a[n] ipse dixit statement of a clinician saying that I think causation has been proved, which is simply not sufficient as a matter of law." J.A. 980.   The court observed that the physicians' testimony was further undermined by their failure to account for medical literature that suggested that the medications at issue were not

---

[2] The district court also granted BWMC's motion to strike studies belatedly cited by Dr. Peters.   The McEwens have not appealed that ruling, and so we do not discuss it further.

"sufficiently beneficial [in the short term] to prevent a stroke." Id.

Having concluded that the medical experts had not satisfied the Daubert standard, the district court excluded their testimony. Since the medical testimony was essential to proving causation, the district court granted BWMC's motion for summary judgment. This appeal followed.

## II.

The McEwens challenge the district court's exclusion of their experts' testimony. They claim, in particular, that the doctors' views were sufficiently grounded in "well-established and reliable principles and methodologies," Appellant's Br. at 13, and that the district court erred by concluding otherwise. We review the district court's application of Daubert for abuse of discretion, Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 260 (4th Cir. 2005), and find none.

Daubert clarified "that it is the duty of the trial court to perform the gatekeeping function with respect to expert testimony: 'the trial judge must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" United States v. Prince-Oyibo, 320 F.3d 494, 498 (4th Cir. 2003) (quoting Daubert, 509 U.S. at 589). Although we have recognized that, under Daubert,

6

"epidemiological studies are not necessarily required to prove causation," a proposed expert must show that "the methodology employed . . . in reaching his or her conclusion is sound." Benedi v. McNeil-P.P.C., Inc., 66 F.3d 1378, 1384 (4th Cir. 1995).

The district court did not abuse its discretion by excluding the testimony of Doctors Helgason and Peters. As the district court explained, the physicians failed to present a reliable basis for their conclusions. The fact that McEwen reacted favorably after treatment with anticoagulant drugs on November 15 says little to nothing about the probable effect of such drugs on November 13, particularly when McEwen appears to have also responded well to the treatment he did receive at BWMC, which did not include anticoagulants. Further, the McEwens' experts failed to meaningfully account for medical literature at odds with their testimony, declaring without explanation that the studies cited by BWMC did not apply to McEwen. "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).

The McEwens' assertion that the district court applied the wrong standard is unavailing. The district court's thoroughly reasoned oral decision plainly reflects its determination that

7

the McEwens had not carried their burden of presenting evidence "from which the court c[ould] determine that the proffered testimony [wa]s properly admissible."  Md. Cas. Co. v. Therm-O-Disc, Inc., 137 F.3d 780, 783 (4th Cir. 1998).

### III.

We have reviewed the McEwens' remaining claims and find them to be without merit.  For the foregoing reasons we affirm the district court's exclusion of the McEwens' experts and its grant of summary judgment.

AFFIRMED